IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GLENN EDWARD SMITH, #177-68     * <br>          Petitioner <br>                             * <br> v.                                     CIVIL ACTION NO. AMD-05-1386 <br>                             * <br> WILLIAM WILLIAMS, et al., <br>          Respondents     * <br>                            ****** | |

MEMORANDUM

On June 2, 2004, Glenn Edward Smith filed a habeas corpus petition in this court, attacking his 2002 convictions for second degree rape, first degree burglary and related offenses entered against him by the Circuit Court for Wicomico County. *See* Civil Action No. AMD-04- 1715. Because the petition contained allegations of ineffective assistance of counsel not first presented to the state courts on post conviction review, the undersigned dismissed the petition without prejudice on June 10, 2004. *Id*., Paper Nos. 1 and 4.

On May 17, 2005, Smith signed and subsequently filed the instant 28 U.S.C. § 2254 habeas corpus application, again attacking his 2002 Wicomico County convictions and sentence. The petition again contains allegations of ineffective assistance of counsel. Paper No. 1. On July 12, 2005, respondents filed an answer to the application for habeas relief solely addressing the timeliness of the application. Paper No. 4. Pursuant to this court's Order of July 14, 2005, petitioner was granted an opportunity to file a reply to the answer stating that his petition was filed within the proper time frame or explaining why the petition should not be dismissed as untimely. Paper No. 5. Petitioner filed a response on July 26, 2005. Paper No. 6.

Petitioner was convicted on January 24, 2002 and sentenced on April 5, 2002. Paper No. 4, Ex. 1. His convictions and sentence were affirmed by the Court of Special Appeals of Maryland on

August 18, 2003. *Id*., Ex. 2. His petition for writ of certiorari was denied by the Maryland Court of Appeals by order dated December 16, 2003. *Id*., Ex. 3. Petitioner did not file a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq. *Id*., Ex. 1.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for person convicted in a state court. 28 U.S.C. § 2244(d).[1] The one year period is tolled while properly filed post conviction proceedings are pending and may otherwise be equitably tolled. 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325,

---

[1]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

328 (4th Cir. 2000).

      Petitioner's convictions entered by the Circuit Court for Wicomico County became final on March 16, 2004. *See* 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-202. Between March 16, 2004 and May 17, 2005, petitioner had no post-conviction or other proceedings pending which would have served to toll the one year limitation period. *See* 28 U.S.C. § 2244(d)(2). Petitioner has offered no arguments in favor of equitable tolling of the limitations period. Accordingly, a separate Order will be entered denying the petition as time barred under 28 U.S.C. § 2244(d).

Filed: September 6, 2005　　　　　　　　　　　　　　　　　　／s／  
　　　　　　　　　　　　　　　　　　　　　　　　　Andre M. Davis  
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge